James J. Killela, Jr., Esq. Informal Opinion Village Attorney No. 95-42 Village of Waverly P. O. Box 149 Waverly, N Y 14892
Dear Mr. Killela:
You have asked that we construe section 18-1804 of the Village Law, a procedure for diminishing the boundaries of a village. Your concern is the following language:
 The boundaries of a village may be diminished by excluding from its corporate limits territory not adjacent to nor benefited by either street or sidewalk improvements, electric lights, sewers, water works system or fire protection, when any of such benefits, improvements or system have been completed in a village.
A taxpayer seeking exclusion of his property from village boundaries is currently served by village streets, street lights and water supply. However, there is no sidewalk abutting the taxpayer's property and the property is not serviced by a wastewater treatment facility. All of the above services and improvements have been completed in the village. The Town of Barton and the Village of Waverly are serviced by an independent fire district.
Your question is whether, under the statutory language, the presence of some but not all of the listed benefits and improvements makes this property eligible for exclusion from the village under section 18-1804.
We have found no authorities construing this language. Further, no legislative history is available from the initial passage of the section (L 1903, ch 606). Nor is there anything helpful in the text of two subsequent amendments to the provision or in their legislative history. L 1921, ch 275; L 1929, ch 662. We are left to construe the provision based only on its actual language.
While the language of the statute is somewhat murky, as you have suggested, we believe that there is a logical construction of the syntax which also appears to achieve the intended public purpose. In our view, a property is eligible for exclusion only if it is not benefited by any of the listed improvements which have been completed in the village. It must not be benefited by sidewalk improvements, electric lights, sewers, water systems or fire protection. The receipt of any one of these improvements or services, which has been completed by the village, makes the property ineligible for exclusion from the boundaries of the village.
The apparent statutory intent is to create a procedure whereby rural properties, unserved by village facilities, are afforded a mechanism for exclusion from the village. Such properties would be relieved of paying the general village tax to support these facilities. They could be placed in the town outside the village where similar property is located.
We conclude that a property owner may utilize section 18-1804 of the Village Law to exclude his property from village boundaries only if he does not receive specified village services and improvements.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions